UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal No. 2: 09-19-DCR |
| | ) | Civil Action No. 2: 10-7137-DCR |
| V. | ) | |
| | ) | |
| SCOTT M. FELGAR, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant/Petitioner Scott M. Felgar's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. [Record No. 40] The United States has now filed a response to the motion. Having reviewed all relevant materials, the Court concludes that Felgar's motion is frivolous and will be denied.

**I.**

Felgar was indicted by a federal grand jury on February 12, 2009, and charged with knowingly and intentionally possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base (crack cocaine) and knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectible amount of cocaine hydrochloride (powder cocaine). Both charges were alleged to be in violation of 21 U.S.C. §841(a)(1). Under the statute, a prior felony drug conviction results in an enhanced penalty for both counts.

Felgar was arraigned on March 9, 2009, before United States Magistrate Judge J. Gregory Wehrman. [Record No. 8] At the time of this initial appearance and arraignment, attorney Wende Cross was appointed to represent Felgar in accordance with the Criminal Justice Act. The following day, the United States filed a notice of prior conviction in accordance with 21 U.S.C. § 851(a)(1). This notice provides, in relevant part, that: "[o]n or about July 12, 2004, the Defendant was convicted of First Degree Possession of a Controlled Substance, First Offense, While in Possession of a Firearm, a felony, in the Third Division of the Circuit Court for Kenton County, Kentucky, in case number 04-CR-075." [Record No. 14] At no time has Felgar disputed that he was convicted of this charge in state court or that this conviction was final prior to the charges being filed in this Court.

On April 24, 2009, Felgar's attorney filed a motion requesting that he be rearraigned on the charges contained in the indictment. [Record No. 21] This motion was granted and a hearing on the matter was scheduled for May 11, 2009. At the time of this hearing, the parties tendered a Plea Agreement which outlined the factual basis for Felgar's guilty plea to Count 1 as well as the statutory penalties for this offense.

2. The essential elements of Count 1 of the Indictment are:

(a) That the Defendant possessed a quantity of 5 grams or more of cocaine base;

(b) That the Defendant possessed the cocaine base with the intent to distribute it.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) The Defendant was present in his residence in Covington, Kenton County, Kentucky on November 4, 2008 when the Northern Kentucky Drug Strike Force executed a search warrant on that residence.

(b) At the time, the Defendant possessed two baggies containing a total of approximately 21.07 grams of cocaine base in his residence along with a baggy containing .220 grams of powder cocaine. Police also seized #380 in currency, a digital scale, and a large quantity of plastic bags. The Defendant possessed the quantity of cocaine base with the intent to distribute it.

(c) On or about July 12, 2004, the Defendant was convicted of First Degree Possession of a Controlled Substance, First Offense, While in Possession of a Firearm, a felony, in the Third Division of the Circuit Court for Kenton County, Kentucky, in case number 04-CR-075.

4. Because the Defendant has a qualifying prior drug felony conviction, the statutory punishment is a minimum of 10 years imprisonment or and a maximum of life imprisonment, a fine of not more than $4,000,000.00, and a term of supervised release of not less than 8 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea or as directed by the Court.

[Record Nos. 29, 36] In addition to agreeing to the factual basis and statutory penalties outlined in the Plea Agreement, Felgar waived the right to file a motion for a mitigating role under United States Sentencing Guideline (USSG) §3B1.2 or a departure motion under USSG Chapter 5, Parts H or K. He further agreed that he would not seek a sentence below the applicable guideline range. And in paragraph 8 of his Plea Agreement, Felgar agreed to waive "the right to appeal and the right to collaterally attack the guilty plea, conviction, and any sentence that does not exceed the guideline range as finally accepted by the Court at sentencing." [*Id.* at p. 3]

The Court reviewed these provisions with Felgar during the rearraignment and confirmed that he had read and fully understood them. [Record No. 45, at 9, 17-18] Additionally, the

Assistant United States Attorney explained that Felgar faced enhanced penalties as a result of his prior state conviction.

> [AUSA Hughes]: Paragraph 4 of the agreement highlights the fact that the defendant has a qualifying prior drug felony conviction; and taken into consideration the prior drug felony conviction, the statutory punishment is minimum of ten years imprisonment, a maximum of life imprisonment, a fine of not more than $4 million and a term of supervised release of not less than eight years. A mandatory special assessment of $100 applies, and the defendant will pay this assessment at the time of the entry of the plea or as directed by the Court.

[*Id*. at 10]

The Court also assured itself that the Felgar understood the penalties he faced and confirmed that there was an adequate factual basis for accepting a guilty plea to Count 1 of the Indictment.

> THE COURT: The statutory penalties are accurately set forth in your plea agreement in paragraph 4. Let me take just a moment to go through these penalties with you. The penalties are based upon the statement that you have a prior qualifying felony drug conviction. As a result, the statutory punishment would be a minimum of ten years' imprisonment, and the maximum would be a maximum of life imprisonment. The fine would be not more than $4 million. Of course the Court would not be required to impose a fine in the case, but that would be the upper limit of the fine range, and also there would be a term of supervised release of not less than eight years. . . . Do you understand those are the maximum penalties that could be imposed by law?
>
> THE DEFENDANT: (Nodding affirmatively).

[*Id*. at 14] After discussing the manner in which his guideline range would be calculated, the Court also explained to Felgar that his guideline range could be affected by the mandatory minimum sentence he faced.

> THE COURT: . . . Now, the guideline range can be affected by any mandatory minimum sentence that might be required in the case. If there were to be a mandatory minimum sentence in the case, as indicated in paragraph 4, there

would be a minimum of ten years that would be required by virtue of the prior felony conviction. The Court could depart below that ten-year period if and only if there were a motion filed by the United States. Such a motion could include a motion for cooperation in the case. That would be the nature of the circumstances were the Court could consider a downward departure from what would otherwise be required as a mandatory minimum in the case.

Have you discussed all of those issues with your attorney?

THE DEFENDANT: Yes, sir.

[*Id*. at 16]

Felgar did not express any dissatisfaction with his attorney during this hearing. Instead, he confirmed that he was satisfied with her advice and representation. [*Id.* at 8] At the conclusion of the rearraignment hearing, Felgar explained that he was guilty of the charge contained in Count 1 of the Indictment. Further, he confirmed that the factual statement outlined at paragraph 3 of his Plea Agreement was accurate. [*Id*. at 21-22]

Felgar's Presentence Investigation Report (PSR) was disclosed to the parties on August 7, 2009, in preparation for the September 21, 2009, sentencing hearing. Felgar reviewed this report and discussed it with his attorney but did not raise any objections to any of the factual information contained in the PSR. [Record No. 47, at 2, 3] The information contained in the PRS specifically included the details of Felgar's state conviction which formed the basis for the penalty enhancement applied in the case. [PSR, at 8-9, 10] With respect to this conviction, the PSR provided as follows regarding Case No. 04-CR-75:

> Court records reflect attorney representation. The citation in the case, and information contained in the indictment, reflect the defendant fled police when they were trying to serve a warrant on him. Upon chasing him down, the defendant was found carrying a pistol and a scale with cocaine powder on top of the scale. He was indicted on 1st Degree Possession of a Controlled Substance

> while in Possession of a Firearm, Possession of Drug Paraphernalia and Carrying a Concealed Weapon.
>
> This case was merged with Kenton County District Court Case No. 03-F-01589. In that case, the defendant was arrested on November 10, 2003 by officers of the Ft. Mitchell Police Department and charged with 1st Degree Possession of a Controlled Substance and Possession of Drug Paraphernalia. Officers were dispatched to the defendant's location due to a criminal mischief complaint. According to the citation, the defendant was caught doing criminal mischief in a laundry room. The defendant was found in the laundry room with a bag of cocaine and rolling papers.
>
> The defendant's probation was revoked because he failed to refrain from the use of marijuana, failed to report to his probation officer as directed, failed to complete substance abuse/psychological evaluations and failed pay court-ordered fees. On September 27, 2005, the sentencing judge overruled the defendant's motion for shock probation.

[*Id*. at 9]

Although Felgar initially had 57 months of his original 60 month sentence suspended in Case No. 04-CR-75, his probation was revoked on June 17, 2005, and he was required to serve the balance of the sentence. The PSR reflects that he was released from the Hopkins County Detention Center on November 15, 2006, and received final discharge on July 20, 2008. [*Id*. at 8] The United States has attached copies of Felgar's Final Judgment (dated July 12, 2004) and Order Revoking Probation (dated June 17, 2005) to its Response to Felgar's motion to vacate his sentence. [Record No. 48; Exhibits 1, 2] These documents confirm the information contained in the PSR regarding Felgar's state conviction which resulted in imposition of a mandatory minimum sentence of 120 months imprisonment in this case.

Felgar was sentenced in this matter on September 21, 2009, to a term of imprisonment of 120 months, to be followed by an eight-year term of supervised release. [Record No. 37] The

transcript of the sentencing hearing reflects that Felgar fully understood that he was subject to the ten-year minimum term of imprisonment required by 21 U.S.C. §841(b). [Record No. 47 at 4, 5, 7, 8] In fact, after stating that his attorney had addressed his positive attributes, Felgar acknowledged that he understood that "there's not much that [the Court] can do in this case" in light of the statutorily required ten-year prison term. [*Id.* at 7]

**II.**

In accordance with his Plea Agreement with the United States, Felgar did not file a direct appeal regarding his guilty plea, conviction or sentence. However, on September 27, 2010,[1] he filed a motion to vacate, set aside or correct his sentence in accordance with 28 U.S.C. §2255. [Record No. 40] Although Felgar asserts four grounds for relief, three relate to whether his underlying state conviction in the Kenton Circuit Court (Case No. 04-CR-75) constitutes a qualifying felony which may be used to enhance the penalty in this case. As his first ground for relief, Felgar asserts that his attorney was ineffective by failing to investigate and argue that a conviction for simple possession of less than one gram on a scale should not have been used to enhance his sentence under 21 U.S.C. § 851. He contends in his second ground for relief that allowing enhancement for simple possession is illegal and unconstitutional. And for his fourth ground for relief, Felgar argues that his attorney was ineffective for counseling him to waive his right to appeal the sentence which was based on the allegedly illegal enhancement. Finally, as his third ground for relief, Felgar contends that his counsel was ineffective for failing to challenge the 100 to 1 ratio applied to crack versus powder cocaine in the United States

---

[1] Felgar's sentence became final ten days after entry of the Judgment on September 22, 2009. His present motion was timely filed within one year of that date.

Sentencing Guidelines. As discussed below, none of these arguments have merit or support a request for an evidentiary hearing.

### A. The Qualifying Felony Drug Conviction

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if a sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose the sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. §2255(a); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). A defendant alleging a constitutional error must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" to obtain relief under the statutory provision. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). And when alleging a non-constitutional error, a defendant must establish that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424 (1962)); *see also McQueen v. United States*, 58 F.App'x 73, 76 (6th Cir. 2003) (per curiam) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. §2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

Here, Felgar cannot establish a constitutional error was committed which had a substantial and injurious effect on the proceedings. Likewise, he cannot demonstrate a non-constitutional error which resulted in a complete miscarriage of justice or a violation of due process.

Title 21 of the United States Code, § 802 contains the definition for the term "felony drug offense" as that term is used in §841 of the same title. It states:

> The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. §802(44). Felgar's 2004 state court conviction meets this definition. Felgar was not convicted of a misdemeanor crime of simple possession of drugs. Instead, his conviction was a qualifying Class C felony under Kentucky law. Therefore, any assertion that this conviction does not fall under the Controlled Substances Act is legally incorrect. *See United States v. Lockett*, 359 F.App'x 598 (6th Cir. 2009) (defendant's state court drug conviction in Ohio qualified under the penalty enhancement of 21 U.S.C. §841(b) because it was punishable by more than one year in prison).

Because the Court concludes that Felgar's claim is without merit, it need not address the United States' argument that the Defendant/Petitoner waived the right to collaterally attack his guilty plea, conviction and sentence.

### B. Ineffective Assistance of Counsel

When asserting an ineffective assistance of counsel claim, a petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (a petitioner must prove ineffective assistance of counsel by a preponderance of the evidence). To prove deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*,

104 S.Ct. at 2064. Thus, under the standard set forth in *Strickland*, the question becomes whether, the petitioner can demonstrate that his attorney's representation "fell below an objective standard of reasonableness: as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id*. at 2064-65. Further, scrutiny of counsel is "highly deferential," and includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.] *Id*. at 2065.

Deficient performance is constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 2064. To prove prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 2068. Finally, when evaluating claims of prejudice, courts will consider the totality of the evidence presented in the proceeding. *Id* at 2069.

Here, Felgar has fallen far short of establishing that his attorney was ineffective or deficient in her performance. The alleged failure to challenge a felony conviction which clearly qualifies under the statute for an enhanced penalty is not deficient performance. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections do not constitute ineffective assistance of counsel). As outlined above, Felgar had a final, qualifying conviction which required that the statutory penalties applicable to him be enhanced to a mandatory minimum term of imprisonment of ten years. Based on the United States proper notification of this felony conviction under 21 U.S.C. §851, the term of imprisonment was not a point of negotiation. Felgar was not deprived of a fair trial

or proceeding. Instead, he was fully advised of the penalties he faced and he voluntarily and knowingly chose to enter a plea of guilty which was accepted by the Court. In short, Felgar's attorney provided representation that was objectively reasonable under all of the circumstances presented.

**C.     Alleged Failure to Address Crack versus Powder Cocaine Disparity**

As the United State correctly points out, Amendment 706 was in effect at the time of Felgar's sentencing hearing. Notwithstanding this fact, he was sentenced to a mandatory minimum term of 120 imprisonment.

Felgar was not eligible for a sentence reduction under Amendment 706. However, even if Felgar had filed a motion under 18 U.S.C. § 3582, that motion would have been denied. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) (holding that the court does not have authority to reduce a defendant's sentence under 18 U.S.C. §3582 based on a statutory mandatory minimum sentence because that sentence remains unchanged by Amendment 706). Amendment 706 does not lower Felgar's guideline range. His guideline range was, and is, the mandatory minimum sentence required by statute.

Finally, any claim that Felgar's counsel was ineffective for counseling him to waive his appellate rights is not well-founded. He has failed to show that he would not have pleaded guilty but for his attorney's failure to challenge his prior, qualifying conviction. Likewise, he has not explained what meritorious issues he would have sought to appeal but for the waiver provision.

### D. Request for an Evidentiary Hearing

Felgar has not contested the facts surrounding his state conviction in 2004. Instead, he seeks to challenge whether it may be used to enhance his penalty. Likewise, his third claim for relief raises a purely legal issue. Section 2255 requires an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.] 28 U.S.C. §2255(b); *Turner v. United States*, 183 F.3d 474, 477 (6th 1999) ("Where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims."). Likewise, a defendant seeking §2255 relief bears a "relatively light" burden of establishing the need for an evidentiary hearing. *Id.; Valenzuela v. United States*, 217 F.App'x 486, 490 (6th Cir. 2007). However, the Court has discretion to determine whether a habeas petitioner is entitled to an evidentiary hearing. *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir. 1985). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

Here, no factual disputes have been presented which require an evidentiary hearing. The record clearly establishes that the Petitioner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (Under Rule 8, if the record in the case conclusively indicates that a petitioner is not entitled to relief, an evidentiary hearing need not be conducted.).

**D. Certificate of Appealability**

A Certificate of Appealability may issue when a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, before a certificate would issue in the present case, Felgar would be required to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 335-37 (2003) (discussing development of standard). Further, if appropriate, this Court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. §2253(c)(3); *Bradley v. Birkett*, 156 F.App'x 771, 774 (6th Cir. 2005) (noting the requirement of "individualized assessment of claims, citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)).

In the present case, Felgar has not made a "substantial showing" as to any claimed denial of rights. More specifically, he cannot demonstrate that the state court conviction used to enhance his penalty was deficient. Instead, the conviction qualifies as a prior felony drug conviction under 21 U.S.C. 841. And because his argument is legally incorrect, he cannot demonstrate that his attorney was ineffective for failing to raise the issue or counsel him to reserve the right to raise the issue on appeal. Likewise, because Felgar faced a mandatory minimum sentence, the sections of the United States Sentencing Guidelines establishing base offense levels for various quantities of crack and powder cocaine were not applied in determining his sentence. Therefore, any argument

regarding disparities is not relevant here. Accordingly, the Court will deny a Certificate of Appealability.

### III.

The Court declines to issue a Certificate of Appealability in this matter. Felgar has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Further, he has not demonstrated that a reasonable jurist would find this Court's assessment of the constitutional claims debatable or wrong under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Likewise, Felgar has not established a claim of ineffective assistance of counsel under *Strickland*. Accordingly, it is hereby

**ORDERED** as follows:

(1) Petitioner Scott M. Felgar's motion to vacate, set aside, or correct his sentence [Record No. 40] is **DENIED**.

(2) This habeas action filed pursuant to 28 U.S.C. § 2255 is **DISMISSED** and this matter is **STRICKEN** from the Court's docket.

This 1st day of December, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge